UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE MICHELLE SAPIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.  1:22-cv-00553-BAM<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 14, 15) |

## **INTRODUCTION**

Plaintiff Tonie Michelle Sapien ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 9, 17, 18.)

and based upon proper legal standards.  Accordingly, this Court will deny Plaintiff's motion for summary judgment, deny Plaintiff's appeal, and affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed an application for supplemental security income on March 19, 2020.  AR 17, 303-12, 319-22.[2]  Plaintiff alleged that she became disabled on May 14, 2019, due to transverse myelitis, ataxic gait, lumbar spondylosis, thoracic spondylosis, lumbar degenerative disc disease, neuropathy, dorsalgia of lumbar region, small fiber neuropathy, and bilateral carpal tunnel syndrome.  AR 342.  Plaintiff's application was denied initially and on reconsideration.  AR 203-07, 208-12.  Subsequently, Plaintiff requested a hearing before an ALJ.  Following a hearing, ALJ John Loughlin issued an unfavorable decision on March 24, 2021.  AR 13-27, 127-159.  Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 16-27.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 19, 2020, the application date.  AR 18.  The ALJ identified the following severe impairments:  multiple sclerosis, cervical degenerative disc disease, thoracic spondylosis, lumbar degenerative disc disease and spondylosis, bilateral carpal tunnel syndrome, and small fiber neuropathy.  AR 18-21.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 21-22.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could frequently handle and/or finger with both upper extremities, could occasionally balance on uneven surfaces, could occasionally stoop, kneel, crouch, and/or crawl, could occasionally climb stairs and/or ramps, could never climb ladders, ropes and/or scaffolds, could occasionally be exposed to vibrations, unprotected heights and/or moving machinery parts, and required a moderate noise work environment. AR 22-25. With this RFC, the ALJ found that Plaintiff was capable of performing past relevant work as a Claims Clerk, I. Alternatively, the ALJ found that there was other work in the national economy that Plaintiff could perform, such as laundry worker, cafeteria attendant, and office cleaner. AR 25-27. The ALJ therefore concluded that Plaintiff had not been under a disability since March 19, 2020, the date the application was filed. AR 27.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

///

///

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**[3]

Plaintiff asserts two primary arguments. First, Plaintiff contends that the ALJ erred by rejecting the occasional handling limitation identified by the state agency medical consultants without proper consideration of the supportability and consistency of the opinions with the record. Second, Plaintiff argues that the agency erred by failing to find the records submitted to the Appeals Council directly contradicted the ALJ's findings. (Doc. 14 at p. 14.)

**A.  Evaluation of Prior Administrative Findings**

Plaintiff contends that the ALJ erred in rejecting the prior administrative findings of the state agency medical consultants, Dr. E. Wong and Dr. K. Mohan, that Plaintiff was limited to occasional use of the upper extremities for handling and fingering. (Doc. 14 at p. 15.)

Because Plaintiff applied for benefits after March 27, 2017, her claim is governed by the agency's new regulations concerning how an ALJ must evaluate medical opinions and prior administrative findings.[4] 20 C.F.R. § 416.920c. Under the new regulations, the Commissioner does

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.
[4] A "prior administrative medical finding" is defined as:

> A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State

"not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920(a).  The Commissioner evaluates the persuasiveness of the medical opinions and prior administrative findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)-(5).  Supportability and consistency are the most important factors.  20 C.F.R. § 416.920c(b)(2).  Supportability means the extent to which a medical source supports the medical opinion or prior administrative medical finding by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 416.920c(c)(1); *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Consistency means the extent to which a medical opinion or prior administrative finding is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2); *Woods*, 32 F.4th at 792.

Relevant here, Drs. Wong and Mohan, the state agency medical consultants, opined that Plaintiff was limited to occasional bilateral handling.  AR 170, 183-84.  The ALJ found the proposed limitation to occasional use of the upper extremities for handling and fingering activities not persuasive (AR 24), and limited Plaintiff to frequent handling and fingering with both upper extremities (AR 22).

Plaintiff asserts that the ALJ erred in evaluating the opinions of Drs. Wong and Mohan regarding Plaintiff's proposed limitations because the ALJ failed to explain how he considered the supportability factor.  (Doc.  14 at p. 16.)  The Court disagrees.  In evaluating the prior administrative findings of Drs. Wong and Mohan, the ALJ found that their opinions "have generally sound support from their regulatory competence to make such determinations based on review of the medical

---

agency medical and psychological consultants at a prior level of review (see § 416.1400) in your current claim based on their review of the evidence in your case record, such as: (v) If you are an adult, your residual functional capacity."

20 C.F.R. § 416.913(a)(5).

evidence in the record."  AR 24.  Indeed, the ALJ expressly concluded that their opinions were "partially persuasive" based on "their . . . robust support."  AR 24.  The ALJ appropriately articulated his consideration of the supportability factor and made a finding favorable to Plaintiff.

The ALJ nevertheless concluded that the prior administrative medical findings regarding the handling and fingering limitations were unpersuasive because they were "overly restrictive and not consistent with the objective clinical findings in the record."  AR 24.  As an example, the ALJ cited an August 26, 2019 examination that revealed that Plaintiff had normal strength, bilateral equal hand grips, and no tremors of the bilateral hands.  AR 24, citing AR 459-60.  The ALJ also cited a December 18, 2020 examination that revealed Plaintiff had 5/5 strength, grip strength was 5/5, and sensation was preserved grossly.  AR 24, citing AR 741. Additionally, the ALJ cited the examination of Dr. Irwin-Sing on February 2, 2021, which demonstrated that Plaintiff had 5/5 strength throughout her upper extremities, including grip strength equal to 5/5, and intact extremity sensation, equal bilaterally.  AR 24, citing AR 866-68.

Plaintiff argues that Dr. Wong's and Dr. Mohan's opined manipulative limitations are based upon Plaintiff's carpal tunnel syndrome and positive Tinel's, both of which are documented consistently throughout the record, and that the ALJ improperly cherry picked from the record to reach his conclusion. (Doc. 14 at p. 18.)  In support of this argument, Plaintiff cites, among other records, the following medical evidence presented to the ALJ:  a neurology consultation in May 2019 that revealed probable multiple sclerosis with primary multifocal cord involvement with paraparesis and right upper extremity weakness (AR 478); a bilateral upper nerve conduction study in February 2020 that documented electrodiagnostic evidence of bilateral median neuropathy localized at the wrist consistent with bilateral carpal tunnel syndrome (AR 646); a March 2020 examination that showed decreased range of motion of the wrist, tenderness to both wrists, positive Tinel's sign, an assessment of bilateral carpal tunnel syndrome, and an order for a wrist brace, AR.598-99; an August 2020 examination that identified a positive Tinel's sign and pain with range of motion of the hands and wrists, AR 714; and a February 2021 emergency room examination during which Plaintiff reported decreased sensation to her right upper extremity, AR 866.  Plaintiff correctly notes that the ALJ may not cherry-pick evidence in evaluating a medical opinion.  *See Peek v. Kijakazi*, No. 1:21-cv-01828-

6

HBK, 2023 WL 3062107, at *5 (E.D. Cal. Apr. 24, 2023) (citing *Buethe v. Comm'r of Soc. Sec.*, 2021 WL 1966202, at *4 (E.D. Cal. May 17, 2021)); *Cruz v. Kijakazi*, No. 1:21-cv-01248-AWI-HBK, 2023 WL 1447855, at *5 (E.D. Cal. Feb. 1, 2023) ("Even under the new regulations, the ALJ may not 'cherry-pick' evidence in discounting a medical opinion."). However, as noted by the Commissioner, the ALJ considered and reviewed the medical evidence and other evidence of record, including Plaintiff's bilateral carpal tunnel syndrome. AR 23-24. In so doing, the ALJ determined that Plaintiff's neuromuscular functioning was objectively sufficient for a reduced range of light exertion work. AR 23. The ALJ also considered that Plaintiff's grip strength was intact across several years of treatment. AR 23, citing 459, 741, 866. Thus, when viewing the medical record as a whole, it was reasonable for the ALJ to conclude that the limitations in fingering and handling proposed by Dr. Wong and Dr. Mohan were not consistent with the overall record. Moreover, the "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). To the extent Plaintiff suggests an alternative interpretation of the evidence, this is not sufficient to establish reversible error. If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020), citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In her reply, Plaintiff also suggests, without citation to relevant authority, that despite finding the opinions well-supported, the ALJ erred by discounting the prior administrative findings based only on the consistency factor. (Doc. 16 at pp. 1-2.) This suggestion lacks merit. An ALJ may find an opinion or prior administrative medical finding unpersuasive when it is inconsistent with other evidence, even if the opinion is adequately supported. *See Woods*, 32 F.4th at 793 n.4 (concluding ALJ appropriately found opinion unpersuasive because it was inconsistent with the overall treating notes and mental status exams in the record, despite opinion being supported with relevant objective medical evidence and supporting explanations); *see also Frank D. v. Comm'r of Soc. Sec. Admin.*, No. 2:21-CV-01891-CL, 2023 WL 3170580, at *9 (D. Or. May 1, 2023) (concluding inconsistency can support a conclusion that an opinion is not persuasive even where that opinion is otherwise supported).

7

**B. Appeals Council Evidence**

In conjunction with her request for review of the ALJ's decision, Plaintiff submitted numerous medical records to the Appeals Council. The Appeals Council acknowledged receipt of the evidence, but concluded that it either did not show a reasonable probability that it would change the outcome of the decision or did not relate to the period at issue. AR 2. Plaintiff contends that the Appeals Council erred, because the records directly contradict the ALJ's findings with respect the severity and limiting effects of Plaintiff's impairments. (Doc. 14 at p. 19.)

The Ninth Circuit has "routinely considered evidence submitted for the first time to the Appeals Council to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("we hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (noting that when Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers "both the ALJ's decision and the additional evidence submitted to the Appeals Council").

The Regulations govern when the Appeals Council is obligated to review additional evidence submitted after the ALJ issues a decision. See 20 C.F.R. § 416.1470 (applicable to applications for SSI benefits) (eff. Dec. 16, 2020). Pursuant to the regulations in effect at the time of Plaintiff's appeal, the Appeals Council "will review a case if ... the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5).

"It is the claimant's burden to establish the evidence should have been considered by the Appeals Council under the Regulations." *Silva v. Comm'r of Soc. Sec.*, No. 1:21-cv-01038-SAB, 2023 WL 316535, at *14 (E.D. Cal. Jan. 19, 2023). This burden includes establishing the evidence is new, material, and there is a reasonable probability that the additional evidence would change the outcome

of the decision, it relates to the period on or before the date of the hearing decision, and good cause exists for the late submission. 20 C.F.R. § 416.1470(a)–(b).

Plaintiff generally asserts that the evidence submitted to the Appeals Council contradict the ALJ's findings and warrant remand. However, Plaintiff does not specify or explain which of these records contradict the ALJ's findings or would have changed the outcome of the disability determination—with one notable exception: the RFC assessment from Sebastian Jurado, DPT. "Plaintiff submits that the residual functional capacity assessment from DPT Juardo [sic] casts the ALJ's conclusion contrary to the weight of the evidence." (Doc 14 at p. 20; *see also* Doc. 16 at p. 4.) Plaintiff contends that DPT Jurado's assessment directly contradicts the ALJ's findings.

DPT Jurado saw Plaintiff on December 22, 2021, for a "general functional capacity evaluation." AR 97. The Appeals Council acknowledged this additional evidence from DPT Jurado, but determined that it did not relate to the period at issue because the ALJ decided Plaintiff's case through March 24, 2021. AR 2. Although Plaintiff argues that medical evaluations may have retrospective applicability (Doc. 14 at 20), DPT Jurado's assessment was not retrospective and did not provide a retrospective diagnosis. Rather, DPT Jurado administered tests that measured Plaintiff's then-current "functional capacities," (AR 97), and included findings regarding "the work activity tolerances demonstrated during the evaluation," (AR 107). The assessment does not relate to the period on or before the hearing decision as required by the regulations.

For the remaining records, in the absence of any specificity, Plaintiff fails to meet her burden of establishing there is a reasonable probability that the additional evidence would change the outcome of the decision or that it relates to the period on or before the date of the hearing decision. The Court does not find error.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's motion for summary judgment and her appeal from the administrative decision of the Commissioner of Social Security, and affirms the agency's determination to deny benefits. The

Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Tonie Michelle Sapien.

IT IS SO ORDERED.

Dated:   **May 22, 2023**          /s/ Barbara A. McAuliffe
                          UNITED STATES MAGISTRATE JUDGE